UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CAROLYN WENDY HERZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 1:15-cv-161-WTL-DML |
| | ) | |
| DAVID HAMILTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

**A. Parties and Procedural History**

This action was removed from the Marion Superior Court, where it had been docketed as No. 49D141501CT003126. The plaintiff is Carol Wendy Hertz, formerly known (before her legal name change) as Carolyn H. Srivastava, who litigated cases in this court and many other courts under that name. The defendants are David F. Hamilton, Richard Young, Ora Pescovitz, Michael Delph, Mark Massa, Marion County Prosecutor Office, Linda Major, Gregory Ballard, Indianapolis Metropolitan Police Department, Lulu Patterson, Kathy Richardson, St. Vincent Hospital And Healthcare Center, Inc., David G. Moscrip, Sanjay Mishra, Mark Kelley, Wei-Hua Lee, Gerald Bepko, Nationwide Mutual Insurance Company, and Susan Brooks. The plaintiff seeks damages and injunctive relief.

The removal was processed on February 5, 2015. On February 20, 2015, an Entry was issued directing the plaintiff to show cause why the action should not be dismissed because restrictions have been imposed on her ability to file papers in all federal courts. She responded through her filing (hereafter "objection") filed on March 9, 2015.

**B. Issue**

The issue framed by the proceedings and filings referenced above is thus whether the plaintiff can proceed in this action and, if she cannot, whether it must be dismissed.

**C. Discussion**

The plaintiff devotes much of her objection to distinguishing the factual background of certain published decisions from that of her own claims here and previously. In doing so, the plaintiff argues past the legal principles derived from several of those cases which have informed the many orders issued by this and other courts justifiably recognizing the plaintiff as an abusive litigant.

The plaintiff does not dispute that she is the same person described in Part I of the Entry issued on February 20, 2015. She does suggest that it is improper for the court to take judicial notice of those orders, but the court rejects that suggestion because "a court may take judicial notice of facts that are 'not subject to reasonable dispute' because they are 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.' Fed.R.Evid. 201(b). Under this rule, courts may take judicial notice of papers filed in other courts as well as orders issued by other courts." *Bonilla v. Uribe*, 2013 WL 5522026, at *6 (S.D.Cal. Sept. 30, 2013)(citing cases). The Seventh Circuit has long endorsed this practice:

> Among these matters of which a court may take judicial notice are its own court documents and records. *Bryant v. Carleson,* 444 F.2d 353, 357 (9th Cir.), certiorari denied, 404 U.S. 967, 92 S. Ct. 344, 30 L.Ed.2d 287 (1971). Furthermore, federal courts may also take notice of proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue. *St. Louis Baptist Temple v. F.D.I.C.,* 605 F.2d 1169, 1172 (10th Cir. 1979); *Barrett v. Baylor,* 457 F.2d 119, 124 n.2 (7th Cir. 1972). These principles indicate that we clearly have the power to take judicial notice of Green's extensive record of litigation as well as the subject matter of his lawsuits. His filing history in both this and other courts is of public record and particularly relevant to the proposed injunction. The fact that Green has all but besieged the federal courts for the past

several years is indeed a matter of public knowledge, of which we may properly take judicial notice. Accord, *Green v. White,* 616 F.2d 1054, 1055 (8th Cir. 1980).

*Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 369 (7th Cir. 1983).

Additionally, the plaintiff offers her disagreement with the orders referenced above. Her disagreement leads her to the conclusion that the orders are not valid, but the record shows otherwise. The orders are valid and must be enforced.

### D. Recusal

The plaintiff also suggests that the undersigned should recuse. The Court disagrees. Judge Skretny made this point in *Jones v. City of Buffalo,* 867 F. Supp. 1155, 1163 (W.D.N.Y. 1994): "Judges should not . . . automatically recuse themselves simply because they or their fellow judges on the court are named defendants in a truly meritless lawsuit . . . . [28 U.S.C. § 455] has been repeatedly construed by the courts as not requiring automatic disqualification of a judge in circumstances such as this." *See also Ronwin v. State Bar of Arizona*, 686 F.2d 692, 701 (9th Cir. 1981) ("'A judge is not disqualified merely because a litigant sues or threatens to sue him.' Such an easy method for obtaining disqualification should not be encouraged or allowed.")(quoting *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977), and *rev'd on merits*, *Hoover v. Ronwin,* 466 U.S. 558 (1984)). The foregoing reasoning applies equally, and perhaps more strongly, when a judicial officer's colleagues are named as defendants rather than the judicial officer himself.

The foregoing reasoning applies in this case. There is no need for disqualification of the undersigned judicial officer. Accordingly, the portion of the plaintiff's objection [dkt 12] wherein she arguably seeks recusal of the undersigned is denied. Similarly, any portion of that same filing [dkt 12] which can be understood as seeking reconsideration of the Entry issued on February 20, 2015 is denied.

### E. Conclusion

In issuing the show cause order and considering the plaintiff's response, the Court has provided her with a meaningful opportunity to determine whether she can proceed here.

The consequences of the circumstances noted in this Entry are that (1) the filing of this action in the Marion Superior Court violated the *Amended Injunction* issued in No. IP 04-mc-104-SEB-DML, which remains in effect, and (2) the plaintiff is prohibited from filing papers in this action based on the Order issued in No. 11-2817, which also remains in effect. In turn, the plaintiff is unable to prosecute this action.

Because the plaintiff cannot file, she cannot prosecute her claims, and for this reason the action is dismissed for failure to prosecute. The only way to prevent the further abusive litigation of this plaintiff is to specify that the dismissal be with prejudice. *See Lucien v. Brewer,* 9 F.3d 26, 28 (7th Cir. 1993) (dismissal is a "feeble sanction" if it is without prejudice; "Rule 41(b) states the general principle that failure to prosecute a case should be punished by dismissal of the case with prejudice.").

### II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 3/17/15

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Carolyn Wendy Herz
3105 Lehigh Ct.
Indianapolis, IN 46268